# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2008

Charles R. Fulbruge III
Clerk

No. 08-30282
Summary Calendar

GREGORY J JEANLOUIS

Plaintiff-Appellant

v.

THOMAS DESPORTEE; CHARLENE HAYDEL; LORA RODRIGUEZ; UNKNOWN SOONG, Doctor; UNKNOWN VYAS, Doctor; DANNY WILLIAMS; UNKNOWN HEGMAN, Doctor; JONI NICKENS, Nurse Practitioner; UNKNOWN AUTHUR, Ms.; UNKNOWN HORNS, Mrs.; UNKNOWN CLARK, Ms.; GARY METCALF

Defendants-Appellees

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-113

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gregory J. Jeanlouis, Louisiana prisoner # 121703, appeals the district court's summary judgment in favor of the defendants dismissing his 42 U.S.C. § 1983 action. In his § 1983 action, Jeanlouis alleged, among other things, that the defendants stopped his medical treatment for Hepatitis C in retaliation for his filing an administrative grievance concerning his enlarged breast medical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

condition. The district court determined that Jeanlouis failed to exhaust his administrative remedies concerning his retaliation claim and that Jeanlouis's retaliation claim lacked merit because his medical records established that he refused to continue the medical treatment for Hepatitis C in November 2006, due to the side effects of the medication.

Jeanlouis argues for the first time on appeal that the defendants waived the exhaustion defense by failing to raise it in a timely manner. Jeanlouis may not raise this claim for the first time on appeal. See Lemaire v. La. Dept. of Transp. & Dev., 480 F.3d 383, 387 (5th Cir. 2007); Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Jeanlouis attempts to show that he exhausted his administrative remedies regarding the retaliation claim. However, a review of the three administrative grievances file by Jeanlouis, attached to the defendants' motion for summary judgment, shows that Jeanlouis did not exhaust his administrative remedies concerning his retaliation claim against these defendants.

Jeanlouis does not address or identify any error in the district court's dismissal of his retaliation claim and determination that the appeal would be frivolous and not taken in good faith. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Jeanlouis's IFP motion is not directed at the district court's reasons for the certification decision, he has not shown that his appeal is taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Because Jeanlouis's filings do not show that he will be raising a nonfrivolous issue on appeal, see Howard v. King, 707 F.2d 215, 219-20 (5th Cir.

1983), his IFP motion is denied, and his appeal is dismissed as frivolous. See id.; 5TH CIR. R. 42.2. The dismissal of the instant appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Jeanlouis is cautioned that if he accumulates three strikes he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g). Jeanlouis's motion for appointment of counsel is also denied. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.